## THE SEA FOAM.

(District Court, W. D. Washington, N. D. May 8, 1917.)

### No. 3589.

MARITIME LIENS ☞37—PRIORITIES—TIME OF ACCRUAL OF CLAIM—HARBOR VESSELS.

The 90-day rule established by the District Court of the Western District of Washington for the classification of maritime liens applies as between liens for wages, as well as to liens for repairs and supplies.

In Admiralty. Suit by the Port of Seattle against the gasboat Sea Foam; Leonard Barnhill and Arthur Gaaseland, interveners. On exceptions by intervener Gaaseland to report of commissioner. Exceptions denied.

Daniel Landon, of Seattle, Wash., for intervening libelant Gaaseland.

J. M. Boyle, Jr., of Aberdeen, Wash., for intervening libelant Barnhill.

NETERER, District Judge. This boat was libeled to recover for labor and material supplied in repair work to the vessel between the 27th day of December, 1916, and the 15th day of January, 1917. Intervening libel was filed by Leonard Barnhill to recover seaman's wages earned on the vessel between January 27 and March 27, 1917, in the sum of $175. Arthur Gaaseland intervened, alleging that there was due him $337.50 seaman's wages from the 15th day of June, 1916, to the 1st day of November, 1916. The case was referred to the commissioner to hear the testimony and report findings and conclusions. Leonard Barnhill is given a lien of the first class, Arthur Gaaseland of the second class, and the port of Seattle of the third class. Gaaseland files exceptions to the report upon the ground that the classification was wrong, and that Barnhill and Gaaseland should be in the same class.

The 90-day rule established by this court in The Edith, 217 Fed. 300, is invoked by Barnhill, and the excepting intervener contends that this rule cannot apply to a claim for wages. The court's attention has not been directed to any convincing authority, and there is no apparent reason, why the distinction should be made. The same rules apply to liens for wages as to liens for materials, supplies, and repairs. The Dubuque, 2 Abb. U. S. 20, Fed. Cas. No. 4,110, in which the court said:

"In determining this question, the same rule applies to liens for wages as to liens for repairs and supplies."

And to the same effect is The Nebraska, 69 Fed. 1009, 17 C. C. A. 94. Both of the claims being for wages, there is no reason apparent why the 90-day rule should not have operation as between these claimants. This view has been indorsed by the Circuit Court of Appeals of the Second Circuit in The Samuel Little, 221 Fed. 308, 137 C. C. A.

136, in which Circuit Judge Rogers exhaustively discussed the 40-day rule of the Southern district of New York, where the same contention was made as is made in this case.

The exceptions are denied, and a decree directed in accordance with the report of the commissioner.